UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY R. SMITH,<br>　　　　Plaintiff<br><br>v.<br><br>EMERALD PARTNERSHIP, LTD.,<br>　　　　Defendant | CASE NO.: 1:07-cv-11016-NG |

## CONSENT DECREE

IT IS HEREBY stipulated and agreed by and between the plaintiff, Jeffrey R. Smith, (referred to hereinafter as the "plaintiff"), and the defendant, Emerald Partnership, Ltd. (referred to hereinafter as the "defendant") and ordered by the Court as follows:

WITNESSETH:

WHEREAS, the parties to this Consent Decree are Jeffrey R. Smith of East Wareham, MA and Emerald Partnership, Ltd., of New Bedford, MA.

WHEREAS, the plaintiff filed this action against the defendant for alleged violations of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., pursuant to which the plaintiff sought a permanent mandatory injunction, damages and attorneys' and expert's fees, expenses and costs;

WHEREAS, the parties have agreed to a settlement of this action;

WHEREAS, the aforementioned parties desire to avoid further expense, time, effort and uncertainty in regard to this action;

WHEREAS, the pending litigation involves claims contested by the defendant, and defenses contested by the plaintiff; and

WHEREAS, the parties now desire permanently and fully to settle, resolve and

conclude the litigation and all disputes, claims and defenses which were or could have been included in the litigation without the burdens and expenses of further litigation and trial;

WHEREAS, the parties have conferred in good faith and agree that the pending litigation should be settled without the need for trial; and

WHEREAS, the defendant specifically denies the plaintiff's allegations in this action and the parties acknowledge and agree that this Consent Decree is not intended to be, and shall not be construed or represented to be, evidence of, or an admission of liability, on the part of the defendant on any claim in the litigation.

NOW THEREFORE, in consideration of the promises hereinbefore set forth, and the mutual and reciprocal covenants and agreements herein provided, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, it is AGREED by the parties and ORDERED by the Court as follows:

1. The defendant hereby represents to the plaintiff that it has made the alterations or improvements specified below or that the defendant shall cause the following alterations and improvements to be made to the property that is the subject of this action, commonly known as Days Inn New Bedford (referred to hereinafter as the "facility" or the "property").

2. If the defendant has not already made the alterations or improvements specified below, it shall complete all such alterations or improvements (except where otherwise specified) within nine (9) months of the entry of this Consent Decree as an order of the Court.

A. **PARKING AND ACCESSIBLE ROUTE FROM PARKING**

1. The defendant shall relocate the wheelchair accessible parking spaces to the portion of the parking lot directly across from the main entrance at "the shortest accessible route of travel from adjacent parking to an accessible entrance" as required by Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities (hereinafter "ADAAG") 4.6.2.

2. The defendant shall create 8 wheelchair accessible spaces, at least one of which shall be shall be "van accessible" as required by ADAAG 4.6.4. The van accessible space shall be served by an access aisle 96 inches wide minimum as per ADAAG 4.1.2(5) (b). The accessible spaces shall include an access aisle at least 60 inches wide and 20 feet long adjacent and parallel to the vehicle pull-up space as per ADAAG 4.6.6.

3. The defendant shall install above ground signs identifying the eight accessible spaces as such. As per ADAAG 4.6.4, the signs shall be located where a vehicle parked in the space cannot obscure them. The van accessible space shall have an additional "Van-Accessible" sign mounted below the symbol of accessibility as per ADAAG 4.6.4.

B. **MAIN ENTRANCE**

1. The defendant shall renovate the main entrance by constructing a ramp that has a maximum slope of 8.33% or 1:12 as permitted by ADAAG 4.8.2.

2. The newly constructed ramp shall have minimum clear width of 36 inches as per ADAAG 4.8.3.

3. The newly constructed ramp shall have level landings at bottom and top. The landings shall be at least as wide as the ramp run. The lengths of the landings shall be at least 60 inches clear as per ADAAG 4.8.4.

4. The area in front of the doorway shall have the minimum maneuvering clearance shown in Figure 25 of the ADAAG as required by ADAAG 4.8.4(4) and ADAAG 4.13.6.

5. The newly constructed ramp shall have handrails that comply with ADAAG 4.8.5.

6. In the alternative to renovating the existing ramp as described in the preceding paragraphs 1 through 5 above, the defendant may remove the existing ramp entirely. If the defendant removes the existing ramp, the ground surface that replaces it shall be stable, firm, and slip-resistant as provided in ADAAG 4.5.1 and it shall not have a slope greater than 1:20 (as per ADAAG 4.8.1) on any part of the accessible route from the accessible parking spaces through the main entrance.

C. **HOTEL LOBBY**

1. As per ADAAG 7.2(2) the defendant shall modify the main guest registration area by providing an accessible desk or table nearby with appropriate signage.

D. **GUEST ROOMS**

1. The defendant shall identify all accessible guest rooms with appropriate signage adjacent to the latch side of the door mounted at 60 inches to center as per ADAAG 4.30.6.

2. The defendant shall provide a 36-inch clear width maneuvering space along both sides of a room with one bed as per ADAAG 9.2.2.

3. The defendant shall provide shelves and hanging rods in the bathrooms of the accessible guest rooms at a maximum height of 48 inches as per ADAAG 4.25.3 and as shown in Figures 38(a) and 38(b) of the ADAAG.

4. The defendant shall insulate the hot water pipes and drain pipes under the lavatory counters to prevent contact burns as per ADAAG 4.19.4.

E. <u>MISCELLANEOUS SETTLEMENT TERMS</u>

1. The parties agree that time is of the essence in all respects regarding this Consent Decree. Therefore, the defendant shall make reasonable efforts to complete the alterations and modifications required under this Consent Decree within the nine-month time period specified above, provided that the defendant may extend the period for additional time, if needed, with the plaintiff's assent to the additional time requested. The plaintiff shall not unreasonably withhold his assent and stipulation.

2. The defendant shall take all necessary steps to obtain the appropriate permits from the City of New Bedford in time to complete all work required by this Consent Decree within the time periods specified above.

3. The parties agree that all alterations and modifications referenced herein shall be made to the extent feasible and to the extent readily achievable.

4. The parties are unable to ascertain with specificity the value of damages that the plaintiff will incur in the event the defendant breaches the terms of this Consent Decree. Accordingly, the parties agree that in the event that the alterations and modifications required hereby are not timely completed in all respects, the plaintiff shall have the right to petition the Court for payment by the defendant of liquidated damages. Prior to bringing any such Court action the parties shall first meet and attempt in good faith to resolve any dispute. The appropriate amount, if any, to be awarded will be determined by the parties or by the Court in relation to the severity of the defendant's non-compliance and breach. The plaintiff shall be entitled to an award of those liquidated damages and to obtain injunctive relief from the Court to compel compliance with the terms of this Consent Decree. Additionally, in the event the modifications and alterations are not

completed by within the times specified hereunder, the plaintiff shall have the right to petition the Court to Order that the defendant pay reasonable additional attorneys' and expert's fees and costs incurred by the plaintiff subsequent to the execution and docket entry of this Consent Decree. Notwithstanding anything to the contrary, the plaintiff's right to petition the Court shall expire one year from the date of Court approval and entry of this Consent Decree on the Court's docket as an order of the Court if the plaintiff fails to bring any further action to enforce this Consent Decree prior to said date.

5. Within 10 business days following the Court's entry of this Consent Decree on the docket as an Order of the Court, the defendant shall pay an amount intended to settle the plaintiff's claims for attorney's fees, litigation expenses and expert costs incurred by the plaintiff in this matter. The amount to be paid shall be agreed by discussion and not unreasonably withheld under a Separate Letter Agreement and that amount shall remain confidential. The plaintiff specifically reserves his right to petition the Court for an award of fees and expenses if the parties cannot settle the issue by discussion.

6. Sunset Provision: The parties further acknowledge, represent, covenant and warrant that once the work specified in paragraphs A through D above is completed this Consent Decree shall lapse, forever terminate, and be of no further force and effect.

7. Once the defendant has completed the improvements required hereunder, it shall so notify the plaintiff in writing through plaintiff's counsel. The plaintiff shall have the option to verify the completed work by conducting a brief walk-through or inspection of the premises. The plaintiff's option to conduct the verifying inspection shall expire if he fails to notify the defendant in writing within seven days of receipt of the defendant's notice that he wishes to conduct a verifying inspection. The inspection shall be

conducted at the earliest mutually convenient date, but in no event later than thirty days from the date of the plaintiff's written notice to the defendant. If the plaintiff elects to conduct the inspection, it shall be limited to the improvements specified hereunder and the defendant shall incur no additional barrier removal obligations even if previously unknown architectural barriers are observed during the verifying inspection. If the plaintiff discovers that improvements required hereunder have not been made, he shall so notify the defendant and the defendant shall have thirty days to remove the architectural barriers that are required to be removed under this Consent Decree.

8. The parties further acknowledge, represent, covenant and warrant that this Consent Decree constitutes the entire agreement of the parties and may not be modified, amended, annulled, rescinded or otherwise changed unless in writing signed by authorized representatives of the plaintiff and the defendant, which expressly refers to this Consent Decree.

9. The parties shall confirm in writing all agreed upon extensions of deadlines for completion of work required hereunder; the Court need not endorse such extensions of time.

10. The plaintiff acknowledges, represents, covenants and warrants that he has not made any assignment of any right, claim, or cause of action covered by this release to any individual, corporation, or any other legal entity whatsoever.

11. In consideration of the Separate Letter Agreement referenced in Paragraph 5 and in consideration of the actions undertaken or to be undertaken by the defendant under the terms of this Consent Decree, the plaintiff, his, employees, agents, attorneys, partners, principals, subsidiaries, affiliates, predecessors, successors, heirs, and assigns, hereby

releases and forever discharges the defendant, jointly and severally, its past, present and future officers, directors, trustees, beneficiaries, employees, agents, attorneys, partners, principals, subsidiaries, affiliates, divisions, parents, predecessors, successors, heirs and assigns, from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, executions, claims and demands whatsoever, in law or equity, whether known or unknown, foreseen or unforeseen, that the plaintiff has ever had, or hereafter can, shall, or may have, against the defendant, including claims under Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et seq. from the beginning of the world to the date of this Consent Decree. The release language within this paragraph is otherwise intended to release the defendant from all claims that were made or could have been made under the Amended Complaint.

12. The parties understand and agree that the release and discharge language in Paragraph 13 above does not apply to any alleged breaches of this Consent Decree.

13. The parties stipulate and represent that they have the power and authority to execute and deliver this Consent Decree and to perform its obligations hereunder.

14. The effective date of this Consent Decree shall be the date of the Court's endorsement below.

15. Within five (5) days of the effective date of this Consent Decree, the parties agree to file a joint notice indicating that the matter has been settled and requesting that the matter be dismissed, with prejudice, subject to the Court's retention of jurisdiction for the sole purpose of enforcing this Consent Decree <u>which jurisdiction will expire</u> one year from the date of Court approval and entry of this Consent Decree on the Court's docket

as an order of the Court.

16. The plaintiff acknowledges, represents, covenants and warrants that he has not made any assignment of any right, claim, or cause of action covered by the release language in this Consent Decree to any individual, corporation, or any other legal entity whatsoever.

17. This Consent Decree may be executed by each party in separate counterparts, each of which shall be deemed an original and constitute one document; faxed signatures shall be valid and acceptable.

18. The parties further acknowledge, represent, covenant and warrant that the obligations imposed by this Consent Decree shall be forever binding, and that this Consent Decree may not be modified, amended, annulled, rescinded or otherwise changed unless in writing signed by authorized representatives of the plaintiffs and the defendant, which expressly refers to this Consent Decree. The Court must endorse all substantive changes to this Consent Decree.

_____
Jeffrey R. Smith, Plaintiff
Dated: 6/16/08

_____
Emerald Partnership, Ltd.,
By its Authorized Agent and Representative
Dated:

So Ordered by the Court:

_____
District Judge, United States District Court for
The District of Massachusetts
Dated: 7/8/08

9